IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER SADOWSKI,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>OHIO/OKLAHOMA HEARST TELEVISION INC.<br>d/b/a WLWT CINCINNATI,<br><br>　　　　　　Defendant. | No. 1:25-cv-05619-JHR<br><br>**DEFENDANT OHIO/OKLAHOMA HEARST TELEVISION INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Except as specifically admitted, Defendant Ohio/Oklahoma Hearst Television Inc. ("Hearst"), through its undersigned counsel, denies each and every allegation contained in the First Amended Complaint of Plaintiff Christopher Sadowski ("Plaintiff" or "Sadowski") dated July 29, 2025 (ECF No. 8) (the "Amended Complaint"). Any factual averment admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendos, or speculation contained in any averment or allegation or in the Amended Complaint as a whole.

Sadowski's headings are included in the answers below for clarity only. Hearst denies any allegations contained in the headings, headers, or unnumbered paragraphs in the Amended Complaint. Hearst reserves the right to supplement and/or amend this answer. Hearst further reserves any and all affirmative defenses available to it.

Hearst states as follows in response to the Amended Complaint's corresponding numbered allegations:

## THE PARTIES

1.　　Hearst lacks sufficient knowledge or information to admit or deny the allegations

in this paragraph and, on that basis, denies them.

2. Admitted.

## JURISDICTION & VENUE

3. Admitted.

4. Admitted.

5. Admitted.

## FACTS

**Plaintiff's Business and History**

6. Hearst lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and, on that basis, denies them.

7. Hearst lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and, on that basis, denies them.

8. Hearst lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and, on that basis, denies them.

9. Hearst lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and, on that basis, denies them.

10. Hearst lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and, on that basis, denies them.

11. Hearst lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and, on that basis, denies them.

**The Work at Issue in this Lawsuit**

12. Hearst lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and, on that basis, denies them.

13. Hearst lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and, on that basis, denies them.

14. Hearst lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and, on that basis, denies them.

15. Hearst lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and, on that basis, denies them.

**Defendant's Unlawful Activities**

16. Admitted.

17. Hearst refers to the WLWT-TV website and the WLWT-TV Facebook page for their true contents. Except as so referred, Hearst denies the allegations in this paragraph.

18. Hearst admits that, on February 11, 2022, it published an article to the website at https://www.wlwt.com/article/ohio-sheriffs-office-valentines-day-special/39049482. Except as so admitted, Hearst lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and, on that basis, denies them.

19. Hearst lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and, on that basis, denies them.

20. Hearst lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and, on that basis, denies them.

21. Denied.

22. Denied.

23. Hearst lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and, on that basis, denies them.

24. Hearst lacks sufficient knowledge or information to admit or deny the allegations

in this paragraph and, on that basis, denies them.

## COUNT I – COPYRIGHT INFRINGEMENT

25. Hearst repeats and restates its responses to paragraphs 1 through 24 of the Amended Complaint as if set forth fully herein.

26. The allegations in this paragraph are a legal conclusion to which no response is required. If a response is required, Hearst lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and, on that basis, denies them.

27. The allegations in this paragraph are a legal conclusion to which no response is required. If a response is required, Hearst lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and, on that basis, denies them.

28. Hearst lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and, on that basis, denies them.

29. The allegations in this paragraph are a legal conclusion to which no response is required. If a response is required, Hearst lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and, on that basis, denies them.

30. The allegations in this paragraph are a legal conclusion to which no response is required. If a response is required, Hearst lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and, on that basis, denies them.

31. The allegations in this paragraph are a legal conclusion to which no response is required. If a response is required, Hearst denies the allegations in this paragraph.

32. Hearst lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and, on that basis, denies them.

33. The allegations in this paragraph are a legal conclusion to which no response is required. If a response is required, Hearst denies the allegations in this paragraph.

34. The allegations in this paragraph are a legal conclusion to which no response is required. If a response is required, Hearst denies the allegations in this paragraph.

35. The allegations in this paragraph are a legal conclusion to which no response is required. If a response is required, Hearst denies the allegations in this paragraph.

36. The allegations in this paragraph are a legal conclusion to which no response is required. If a response is required, Hearst denies the allegations in this paragraph.

**WHEREFORE,** Hearst incorporates by reference its responses to all preceding paragraphs of the Amended Complaint as if fully set forth herein. The Relief Requested fails to state any allegation of fact and is therefore denied. Hearst denies that Sadowski is entitled to any form of relief sought in the Amended Complaint or to any other form of relief whatsoever.

## DEFENSES

Hearst incorporates by reference its foregoing responses to the paragraphs of the Amended Complaint as if fully set forth herein. Hearst asserts the following affirmative and other defenses to the claims asserted in the Amended Complaint, without assuming any burden of pleading or proof that would otherwise rest on Plaintiff. Hearst reserves the right to amend this Answer and to assert additional defenses and to supplement, alter, or change its Answer and Defenses upon further investigation and discovery.

### First Defense (Failure to State a Claim)

Sadowski has failed to state a claim upon which relief may be granted.

### Second Defense (Statute of Limitations)

Sadowski's claims are barred, in whole or in part, by the statute of limitations. 17 U.S.C. § 107.

### Third Defense (Fair Use)

Sadowski's claims are barred, in whole or in part, by the doctrine of fair use.

### Fourth Defense (Non-Infringement)

Hearst does not infringe and has not infringed any valid, enforceable copyright, statutory, common law, or otherwise.

### Fifth Defense (No Willfulness)

Any infringement by Hearst was inadvertent and not willful.

### Sixth Defense (No Actual Damages)

Sadowski has suffered no actual damages.

### Seventh Defense (Failure to Mitigate)

Sadowski's claims are barred, in whole or in part, because Sadowski has failed to mitigate his damages, if any.

### Eighth Defense (*De Minimis Non Curat Lex*)

Sadowski's claims are barred by the doctrine of *de minimis non curat lex* because any alleged infringement had no impact or (at most) only de minimis impact on any party.

### Ninth Defense (Abandonment of Copyright)

Sadowski's claims are barred because, by his conduct, he abandoned any copyright protection to which the photographs referenced in the Amended Complaint were previously entitled.

**Tenth Defense (Estoppel, Consent, Waiver, Acquiescence)**

Sadowski's claims are barred, in whole or in part, by doctrines of estoppel, consent, waiver, and acquiescence.

**Eleventh Defense (License)**

Hearst has or had a valid license, express or implied, to publish the photographs referenced in the Amended Complaint.

**Reservation of Additional Defenses**

Hearst hereby reserves the right to assert additional affirmative and other defenses as discovery proceeds in this case.

**PRAYER FOR RELIEF**

WHEREFORE, having answered, Hearst respectfully requests that the Court enter judgment granting the following relief in favor of Hearst:

a. That Hearst be awarded costs, reasonable attorneys' fees, and such other awards as are available under statute; and

b. Any other relief as is just, equitable, and proper.

Respectfully Submitted,

*/s/ Nathaniel S. Boyer*
Ravi V. Sitwala
   rsitwala@hearst.com
Nathaniel S. Boyer
nathaniel.boyer@hearst.com
The Hearst Corporation
Office of General Counsel
300 West 57th Street, 40th Floor
New York, New York 10019
Tel: (212) 649-2030
Fax: (646) 280-2030

*Counsel for Defendant
Ohio/Oklahoma Hearst Television Inc.*

Dated: September 29, 2025

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on September 29, 2025.

*/s/ Nathaniel S. Boyer*
Nathaniel S. Boyer
